**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PABLO MARTINEZ JIMENEZ** | : | |
| | : | |
| **V.** | : | **CIVIL ACTION NO. 26-8639** |
| | : | |
| **SECRETARY MARKWAYNE MULLIN, ET AL.** | : | |
| | : | |

**ORDER**

This 16th day of November, 2026, for the reasons that follow, it is hereby **ORDERED** that Mr. Jimenez's Petition for Writ of Habeas Corpus, ECF 1, is **GRANTED**. Respondents shall release Petitioner immediately and shall return all personal belongings confiscated upon his arrest or during his detention, including any identification documents, and certify compliance with this Order no later than 5:00 p.m. ET on November 17, 2026.

Respondents base Petitioner's detention on 8 U.S.C. § 1226(a). Several courts in this district have held that an individualized review is necessary prior to discretionarily detaining a non-citizen under § 1226(a). *See Dos Reis v. McShane*, CIVIL ACTION No. 26-3775, 2026 WL 1746649 (E.D. Pa. June 17, 2026) at *4 (Sánchez, J.) ("Because Petitioner is detained under § 1226(a), ICE had discretion to detain him or release him on bond or conditional parole, but it had to exercise that discretion through an individualized custody determination"); *Dzehtisarou v. Mullin,* CIVIL ACTION NO. 26-5060, 2026 WL 2211392 (E.D. Pa. July 31, 2026) at *4 (Rufe, J.) ("Before the government can exercise its discretion to detain a noncitizen under § 1226, ICE must make an individualized custody determination"); *De Los Santos Medina v. Jamison,* CIVIL ACTION NO. 26-6800, 2026 WL 2742071 (E.D. Pa. Sept. 16, 2026), at *4 (Rufe, J.) (Same); *Diallo v. Jamison,* CIVIL ACTION NO. 26-4895-KSM, 2026 WL 2547269, at *4 (E.D. Pa. Aug. 28, 2026) (Marston, J.) ("As this Court has held in hundreds of recent cases relating to the

Government's interpretation of a related INA Section . . . 'when the government detains an alien under Section 1226, the alien has due process rights, including a right to an individualized detention and a bond hearing.'" (citing *Kashranov v. Jamison,* No. 25-cv-5555, 2025 WL 3188399, at *5 (E.D. Pa. Nov. 14, 2025)); *Delgadillo v. Blanche*, CIVIL ACTION No. 26-6195, 2026 WL 2569475, at *4 (E.D. Pa. Aug. 31, 2026) (Perez, J.) ("ICE must exercise that discretion [under 1226] through an individualized custody determination"); *Basboga v. Jamison,* Case No. 2:26-cv-06694, 2026 WL 3033623, at *1 (E.D. Pa. Oct. 9, 2026) (Wolson, J.) (requiring an individualized determination under § 1226).

As the Government has acknowledged in its response, I have previously noted my agreement with the reasoning in these opinions that Section 1226(a) requires individualized determination prior to detention.[1] In the absence of such a determination here, Petitioner is entitled to release. "The rule of law is built upon multiple procedural safeguards . . . and [h]abeas is at its core a remedy for unlawful executive detention and the typical remedy for such detention is, of course, release." *Tabora-Brizuela v. Mullin*, No. 26-7010, 2026 WL 2908095, at *5 (E.D. Pa. Sept. 28, 2026) (citations omitted.)

/s/ Gerald Austin McHugh
United States District Judge

[1] I also agree with the reasoning of these opinions regarding the need for Petitioner to exhaust his administrative remedies. *See also Tenezaca-Bacacela v. Jamison, et al.*, No. 26-cv-7617, ECF No. 10 (E.D. Pa. Oct. 16, 2026) (Schmehl, J.) (granting habeas on similar grounds without requiring administrative exhaustion); *Vasquez Montiel v. Jamison, et al.*, No. 26-7894, ECF No. 10 (E.D. Pa. Oct. 20, 2026) (same); *Reyes Navarro v. Jamison*, No. 26-cv-7095, ECF 8 (E.D. Pa. Oct. 2, 2026) (holding that exhaustion is not required to obtain habeas relief under Section 1226(a)). Therefore, I find that exhaustion is not required here.